Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the

District of

OCALA Division

| | |
|---|---|
| TAUG N WALKER <br> *Plaintiff(s)* <br> (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) <br> -v- <br> MASTER DEPUTY JASON HELTON, <br> MAJOR SCOTT JENSON, <br> CAPTAIN RUSSELL EDWARDS, <br> ALL SUED IN INDIVIDUAL CAPACITIES. <br> *Defendant(s)* <br> (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.) | Case No. 5:23-CV-458-CEM-PRL <br> *(to be filled in by the Clerk's Office)* <br><br> "JURY DEMAND" |

SUPPLEMENTAL
AMENDED

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Taug Vaiker
All other names by which you have been known: N/A
ID Number: 113417
Current Institution: Lake County Detention Center
Address: 551 W. Main St.
Tavares, FL 32778
City / State / Zip Code

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name: Jason Heiton
Job or Title (if known): Master Deputy
Shield Number: 1519
Employer: Lake County Detention Center
Address: 551 W. Main St.
Tavares, FL 32778
City / State / Zip Code
☑ Individual capacity   ☑ Official capacity

Defendant No. 2
Name: Scott Jenson
Job or Title (if known): Major
Shield Number: N/A
Employer: Lake County Detention Center
Address: 551 W. Main St.
Tavares, FL 32778
City / State / Zip Code
☑ Individual capacity   ☑ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
  Name: Russell Edwards
  Job or Title (if known): Captain
  Shield Number: N/A
  Employer: Lake County Detention Center
  Address: 551 W. Main St.
  City: Tavares   State: FL   Zip Code: 32778
  ☑ Individual capacity   ☑ Official capacity

Defendant No. 4
  Name:
  Job or Title (if known):
  Shield Number:
  Employer:
  Address:
  City   State   Zip Code
  ☐ Individual capacity   ☐ Official capacity

## II.  Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

  ☐ Federal officials (a *Bivens* claim)

  ☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

1) The Plaintiff's First Admendment right to have freedom of speech with any legal Correspondence individual or company. Also not providing Plaintiff with PLRA Complaint.
2) The Plaintiff's Access to Court right is being violated by Prohibiting access to law library to challenge condition of his confinement, not allowing the Plaintiff to receive sufficient copies to comply with rules, and not providing Plaintiff with 1983 civil Complaint.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Page 3 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

_N/A_

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

1) Defendant Hetton is a public employee that excercises power of federal law and made possible only because the wrongdoer is ~~clothed~~ clothed with the authority of state law. Defendant violated his responsibilities. Defendant used his authority delegated by Lake County Sherriff Office. 2. Defendants Jenson and Edwards used there authority delegated by Lake County Sheriff to violate Plaintiff's rights.

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [x] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _N/A_

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

_N/A_

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

(ATTACHED)

Page 4 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C. What date and approximate time did the events giving rise to your claim(s) occur?

(ATTACHED)

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

(ATTACHED)

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Property

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

(ATTACHED)

## CLAIMS FOR RELIEF

1. The action of defendant Helton in not allowing the Plaintiff to receive his legal/confidential mail because someone else attempted to receive contraband via mail was done deliberately and maliciously and constituted a violation of Freedom of Speech of the First Amendment of the United States Constitution.

2. The actions of defendant Helton, Jenson, and Edwards in not allowing the Plaintiff to utilize there law library to bring claim challenging his conditions of confinement; where defendant Helton didn't allow the Plaintiff to receive his legal/confidential mail, denies the Plaintiff Court access in violation to the United States Constitution.

3. The action of defendant Helton in not allowing the Plaintiff to receive sufficient copies of papers to comply with Court rules denies the Plaintiff Court access in violation to the United States Constitution.

4. The action of defendant Helton not providing the Plaintiff with a 1983 Civil Complaint was done deliberately and maliciously and constituted a violation of the Freedom of Speech Admendment to the United States Constitution.

5. The action of defendant Helton not providing the Plaintiff with a 1983 Civil Complaint to challenge his conditions of confinement was done deliberately and maliciously and constituted a violation to Access the Court protected by the United States Constitution.

6. The actions of defendant Helton opening the Plaintiff's legal mail, while not in Plaintiff's presence, was done deliberately in violation of the United States Constitution.

7. The actions of defendant Helton, not giving the Plaintiff his legal mail from his private attorney, were done deliberately and intentionally in violation of the Sixth Admendment to the United States Constitution.

8. The actions of defendants Jenson, Helton, & Edwards in not allowing the Plaintiff to receive law books, magazines, and newspapers from any publisher was done deliberately, retailitory, and maliciously and constituted a violation of Freedom of Speech protected by the First Amendment to the U.S.C.

(Continued)

## STATEMENT OF CLAIM

1. Plaintiff has fully exhausted his administrative remedies before filing this complaint. June 3, 2023, the Plaintiff's private attorney, Jaya Balani, sent legal mail to the Plaintiff at Lake County Detention Center where the Plaintiff is in custody for violation of probation. 3. The Plaintiff started having issues with his private attorney because the Plaintiff thought that she wasn't sending the Plaintiff his legal mail. 4. The Plaintiff decided to have his private attorney withdraw off his case due to the belief that she wasn't sending the Plaintiff legal mail. 5. During this time, the Plaintiff was hiring legal aid companies to send him case law, his discovery, and etc., however, the Plaintiff wasn't receiving any of the legal mail that the companies said they sent. 6. Late June of 2023, the Plaintiff's girlfriend received a text message from the Plaintiff's former lawyer stating that they sent her legal mail back to her for "incomplete address." 7. Jaya Balani sent the Plaintiff's girlfriend pictures of the legal mail with the "correct address" proving that the address was correct and complete. 8. Late June of 2023, the Plaintiff approached the legal mail officer, Jason Helton, about the legal mail that the Plaintiff wasn't receiving. 9. Master Deputy Helton stated, "Yall inmates have been trying to smuggle contraband via legal mail so you aren't getting any legal mail from private companies." 10. The Plaintiff told his girlfriend what Master Deputy Helton said and the Plaintiff's girlfriend called the Lake County Jail to speak with Officer Helton. 11. Master Deputy Helton told the Plaintiff's girlfriend that he never received no mail from the jail or the Plaintiff's former lawyer or legal aid company. 12. The Plaintiff knew that what Officer Helton said was untrue so the Plaintiff filed a grievance. 13. Nothing resulted from the grievance except a response saying mail was returned, admitting to part of the unlawful conduct that was taking place. 14. The Plaintiff asked Master Deputy Helton to go to the law library to challenge the conditions of his confinement via 1983 civil complaint and the Plaintiff was told no. 15. The Plaintiff then asked Master Deputy for a 1983 civil complaint form and he said no. 16. The Plaintiff then tried getting copies of the 1983 civil complaint form that he received from the Ocala Division Courthouse that he filled out to give to each defendant per court rule and he was told no by Master Deputy Helton July 6, 2023. 17. Major Jenson, Captain Edwards, and Deputy Helton are all in charge of providing the Plaintiff with access to the law library and they all denied the Plaintiff to go on July or June of 2023.

## STATEMENT OF CLAIM

18. June 26, 2023 the Plaintiff received legal mail from Master Deputy Helton, and Master Deputy Helton had opened the Plaintiff legal mail. The Plaintiff asked Deputy Helton why did he open the Plaintiff's legal mail, and Deputy Helton said it had a tab on it. 19. The Plaintiff told Deputy Helton this his legal mail should have been opened in his presence. 20. Officer Helton has told the Plaintiff that "only the attorney assigned to your criminal case can correspond with you via legal mail so Colorado (continued)

## VI. RELIEF

1. Award Compensatory, Punitive, and nominal damages against defendant Helton for Legal mail that he wasn't giving to the Plaintiff.

2. Award Compensatory, Punitive, and nominal damages against defendant Helton for Legal mail that he opened.

3. Award Compensatory, Punitive, and nominal damages against defendants Helton, Jenson, and Edwards for the physical and emotional injury resulting from their failure to provide the Plaintiff access to the law library.

4. Issue declaratory judgment stating that: Officer Helton denying the Plaintiff his legal mail violated the Plaintiff's rights under the United States Constitution.

5. Issue declaratory judgment stating that: Officer Helton denying the Plaintiff his right to have his legal mail opened in front of him, violated the Plaintiff's right under the United States Constitution.

6. Issue an injunction ordering defendant Helton to: Allow Plaintiff to receive copies for civil pleadings at cost.

7. Issue an injunction ordering defendants Helton, Jenson, Edwards to: Allow Plaintiff to have access to the law library for 1983 Civil Complaint.

8. Issue an injunction ordering the defendants Helton, Jenson, & Edwards to: Allow Publishers to send books, magazines, & newspapers to the facility so the Plaintiff can exercise his rights.

STATEMENT OF CLAIM CONTINUED

related matters dont need to be sent to Lake County," which indicated to the Plaintiff that Officer Helton has been reading the Plaintiff's legal mail. 21. The Plaintiff is very worried that if he sends anything out via legal mail, Officer Helton and Captain Edwards will violate the attorney client privelege so the Plaintiff has stayed Pro Se and don't want a lawyer on his case for now due to Officer Helton opening up legal mail outside of the Plaintiff's presence. 22. Major Scott Jenson, Captain Edwards, and Officer Helton have now fully banned all civil lawsuit books, civil newspapers, and civil magazines from coming inside the facility 23. From information, belief, and conversations with the Plaintiff, Officer Helton, Captain Edwards, and Major Scott Jenson don't want no books allowed inside the jail because the Plaintiff purchased Prisoners' Self-Help Litigation Manual which assisted Plaintiff in filing this civil action. 24. The Plaintiff and other inmates fully exhausted the administrative grievance process and was told by the defendants that "I'm not going to get into a debate about this. 25. Major Scott Jenson, Captain Edwards, and Officer Helton fully banning publishers from sending any material to the Plaintiff, and other inmates, is in retaliation of the Plaintiff exercising his freedom of speech right by ordering books and filing this lawsuit.

VI. RELIEF CONTINUED

9. Award Compensatory, Punitive, and Nominal damages against defendants Scott Jenson, Jason Helton, and Russell Edwards for retaliating against the Plaintiff by fully banning all civil law books, newspapers, and magazines sent from publishers to the facility.

CLAIMS FOR RELIEF CONTINUED

9. The actions of defendants Jenson, Edwards, and Helton retaliating, by banning all books, magazines, and newspapers being sent in from publishers, because the Plaintiff filed a civil suit, was done deliberately and in violation of the Retaliation Clause.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Lake County Detention Center

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

Opening legal mail. Access to Court Claims and Freedom of Speech Claims. (ALL CLAIMS).

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility? N/A

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

   Lake County Detention Center on Kiosk

2. What did you claim in your grievance?

   1) That the defendants weren't allowing me to correspond with legal services.
   2) That the defendants were denying me access to the Court.

3. What was the result, if any?

   Nothing.

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   Yes I appealed and nothing happened.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.  If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

   N/A

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   N/A

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

Administrative remedies have been fully exhausted using the jail's Kiosk.
(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes
☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes
☑ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s)   N/A
   Defendant(s)   N/A

2. Court *(if federal court, name the district; if state court, name the county and State)*
   N/A

3. Docket or index number
   N/A

4. Name of Judge assigned to your case
   N/A

5. Approximate date of filing lawsuit
   N/A

6. Is the case still pending?  N/A
   ☐ Yes
   ☐ No
   If no, give the approximate date of disposition.   N/A

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   N/A

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☑ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) Taug Walker
   Defendant(s) Warden F. Mock, Officer Douglas, Sergeant baxtyey, Lt. North, & Officer Roger.

2. Court *(if federal court, name the district; if state court, name the county and State)*

   Jacksonville Division federal Courthouse

3. Docket or index number

   3:15-cv-210-J-32-JRK

4. Name of Judge assigned to your case

   Timothy Corrigan

5. Approximate date of filing lawsuit

   February of 2015

6. Is the case still pending?

   ☐ Yes
   ☑ No

   If no, give the approximate date of disposition    2018

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   Settlement was reached.

# PREVIOUS LAWSUITS

E.

Parties:

Plaintiff: Taug Walker
Defendants: Williamson, Comerford, et al.
Court: Panama or Pensacola Division Federal Courthouse
Docket number: 3:15-cv-179/LAC/EMT
Judge: Elizabeth
Approximate filing date: March of 2015
disposition: October of 2017; Case dismissed

F.

Parties:

Plaintiff: Taug Walker
Defendants: Akridge
Court: Gainesville Division federal Courthouse
Docket number: 1:15-cv-000-28-WTH-GRJ
Judge: unknown
Approximate filing date: January 2015
disposition: July 3 2018; Case dismissed

G.

Parties:

Plaintiff: Taug Walker
Defendants: unknown
Court: Suwannee County (state court)
Docket: unknown
Judge: unknown
Approximate filing date:
disposition: Didn't Prosecute (Property claim)

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: ~~7-17-23~~ 9-28-23

Signature of Plaintiff: Taug Walker
Printed Name of Plaintiff: Taug Walker
Prison Identification #: 113417
Prison Address: 551 W. Main St.
Tavares, FL 32778

### B. For Attorneys

Date of signing: N/A

Signature of Attorney: N/A
Printed Name of Attorney: N/A
Bar Number: N/A
Name of Law Firm: N/A
Address: N/A
N/A, N/A, N/A
Telephone Number: N/A
E-mail Address: N/A

Page 11 of 11