Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the

District of

OCALA Division

| | |
|---|---|
| TAUG N WALKER <br> *Plaintiff(s)* <br> (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) <br> -v- <br> MASTER DEPUTY JASON HELTON, MAJOR SCOTT JENSON, CAPTAIN RUSSELL EDWARDS, ALL SUED IN INDIVIDUAL CAPACITIES. <br> *Defendant(s)* <br> (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.) | Case No. 5:23-CV-458-CEM-PRL <br> *(to be filled in by the Clerk's Office)* <br><br> "JURY DEMAND" <br><br> FILED - USDC - FLMD - OCA <br> OCT 27 2023 AM11:22 |

SECOND AMENDED
## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Taug Walker
All other names by which you have been known: N/A
ID Number: 113417
Current Institution: Lake County Detention Center
Address: 551 W. Main St.
City: Tavares  State: FL  Zip Code: 32778

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name: Jason Helton
Job or Title (if known): Master Deputy
Shield Number: 1519
Employer: Lake County Sherriff Office
Address: 551 W. Main St.
City: Tavares  State: FL  Zip Code: 32778
[✓] Individual capacity  [ ] Official capacity

Defendant No. 2
Name: Scott Jenson
Job or Title (if known): Major
Shield Number: Unknown
Employer: Lake County Sherriff Office
Address: 551 W. Main St.
City: Tavares  State: FL  Zip Code: 32778
[✓] Individual capacity  [ ] Official capacity

Page 2 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
Name: Russe Edwards
Job or Title (if known): Captain
Shield Number: Unknown
Employer: Lake County Sherriff Office
Address: 551 W. Main St.
City: Tavares   State: FL   Zip Code: 32778
[✓] Individual capacity   [ ] Official capacity

Defendant No. 4
Name:
Job or Title (if known):
Shield Number:
Employer:
Address:
City   State   Zip Code
[ ] Individual capacity   [ ] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[✓] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?
1) First Amendment Freedom of speech clause 2) First Admendment free from retaliation 3) Sixth Amendment right to effective counsel 4) Access to court right to recieve legal copies to follow rules. 5) First Admendment opening legal mail

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

_N/A_

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

1) Defendant Hetton is a public employee that excercises power of federal law and made possible only because the wrongdoer is ~~[illegible]~~ clothed with the authority of state law, Defendant violated his responsibilities. Defendant used his authority delegated by Lake County Sherriff office. 2. Defendants Jenson and Edwards used there authority delegated by Lake County Sheriff to violate Plaintiff's rights.

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [✓] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _N/A_

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

_N/A_

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

_(Attached)_

    C.    What date and approximate time did the events giving rise to your claim(s) occur?

_(ATTACHED)_

    D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

_(ATTACHED)_

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

_Property_

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

_(ATTACHED)_

## CLAIMS FOR RELIEF

1. The actions of defendant Helton not allowing the Plaintiff to receive his legal/confidential mail, because someone else attempted to receive contraband via legal mail, was a common practice and custom of his and was done intentionally and maliciously in Violation of the First Amendment of the United States Constitution.

2. The actions of defendant Helton not allowing the Plaintiff to receive civil legal copies, of his legal documents, is a common practice and custom of his that frustrated and impeded the Plaintiff to bring this civil complaint to the Court. This denies the Plaintiff access to the Courts to challenge his conditions of confinement which is in Violation of the United States Constitution.

3. The actions of defendant Helton opening the Plaintiff's legal mail, not in his presence, shocked and chilled the Plaintiff to him not wanting to use the jail legal mail system anymore. The common practice and custom of Defendant Helton opening the Plaintiff's legal mail is in Violation of the First Amendment to the United States Constitution.

4. The actions of defendant Helton not allowing the Plaintiff to receive his legal/confidential mail, because someone else attempted to receive contraband via legal mail, was a common practice and custom of the defendant which prevented the Plaintiff in assisting his Private Counsel Jaya Balani in being effective in the Plaintiff's case. This is in direct violation of the Sixth Amendment to the United States Constitution.

5. The actions of defendant Jenson, Helton, & Edwards in placing a blanket ban on all law books, regular books, magazines, and newspapers from any publisher was done maliciously as retaliation for the Plaintiff filing a civil lawsuit against them which is in violation of the First Amendment to the United States Constitution freedom of speech clause & Retaliation.

6. The actions of defendant Helton not following Jail Procedures by not notifying the Plaintiff when his legal mail is sent back to the sender, or seized, was a common practice and custom of Defendant Helton in Violation of the United States Constitution and Federal laws.

## STATEMENT OF CLAIM

1. The Plaintiff has fully exhausted his administrative remedies before filing this complaint. 2. June 3, 2023, the Plaintiff's Private attorney, Jaya Balani, sent the Plaintiff legal mail at Lake County Detention Center which was turned or sent back to the sender for "incomplete address". 3. However, the address was very complete and this made the Plaintiff and his attorney aware of the acts that the defendant Jason Helton was doing. 4. The Plaintiff begin to have problems with his Private attorney, starting in May, because the Plaintiff thought that his counsel wasn't sending him his legal mail that she said she was sending. 5. The Plaintiff's Counsel said that she sent the defendant Helton approximately 6 pieces of legal mail for the Plaintiff to assist her in his case of Violation of Probation. 6. The Plaintiff decided to have his private attorney withdraw off his case in belief that she wasn't sending the Plaintiff his legal mail. 7. The Plaintiff has paid his private counsel out of Orlando, Florida, thousands of dollars to represent him. 8. After the Plaintiff's attorney withdrew off his case, the Plaintiff hired a legal aid company out of the state of Colorado to send him his legal documents. 9. The legal aid company out of Colorado properly marked the envelope parcel with "LEGAL MAIL" and the Plaintiff's legal mail was returned to the sender 3 times for incomplete address which the address was complete. 10. The Plaintiff hired a law firm out of Clermont Florida to send his legal documents in his case and to draft a Request For Final Disposition under the IADA and the Plaintiff never received anything from that law firm or did the law firm say anything was returned back to them. 11. Late June, a law firm out of Clermont Fl sent me legal documents, and Officer Helton, had already opened the legal mail outside my presence to remove a staple or clip. 12. The Plaintiff filed a grievance to fix this issue to no avail. 13. Late June of 2023, the Plaintiff's girlfriend received a text message from his previous lawyer, Jaya Balani, stating they sent her mail back to her for the address being incomplete but it's complete. 14. Jaya Balani sent the Plaintiff's girlfriend pictures of the legal mail, proving that she was telling the truth. 15. Late June of 2023, the plaintiff approached the legal mail official, Officer Helton, about the legal mail that he wasn't receiving. 16. Officer Helton stated, "Yall inmates have been trying to smuggle contraband via legal mail so you arent getting any legal mail from Private Companies." 17. The Plaintiff spoke to his girlfriend about this situation and she called Lake County Jail to speak with Officer Helton. 17. Master Deputy Helton told the Plaintiff's girlfriend that he never received any legal mail for the Plaintiff. 18. The Plaintiff then filed a grievance on officer Helton. 19. Nothing resulted from the grievance, except a response saying my legal mail was returned, contradicting Officer Helton's

STATEMENT OF CLAIM CONTINUED

Phone call conversation with defendant's girlfriend that was recorded. 20. The Plaintiff asked officer Helton for copies of his 1983 civil complaint, so he could follow the court's rules, and the Plaintiff was told that the jail doesn't do legal copies for civil matters so he's not going to do it. 21. The Plaintiff offered to pay for the civil copies and he was still told no. 22. Between July 23, 2023 - August 14, 2023, Officer Helton came to pick up the Plaintiff three times for the law library for his criminal Violation of Probation case. 23. During one of those visits, Officer Helton told the Plaintiff that ten pieces of his legal mail was sent to the facility and he didn't give me the legal mail because the jail isn't going to allow contraband to be smuggled in by inmates. 24. Officer Helton then told the Plaintiff that he sent a few of the Plaintiff's mail to the Florida Department of Law enforcement for testing. 25. The Defendant then begin to talk about certain things in defendant's Colorado case that Officer Helton wouldn't have known if he wasn't opening and reading the Plaintiff's legal mail. 26. Officer Helton also mentioned how the Plaintiff's lawyer, Jaya Balani, wouldn't be better than the Stacks and hatfield law firm based off the things that he read in the defendant/Plaintiff's legal mail. 27. The Plaintiff never received a warrant for Officer Helton to seize and return his mail. 28. The Plaintiff also never received a notification or form letting him know that his legal mail was being seized, returned, & destroyed. 29. Officer Helton has told the Plaintiff that the only attorney that can correspond to you, via legal mail, is the attorney on record in your Lake County case so Colorado related matters don't need to be sent to Lake County, which again notified Plaintiff that he was reading the Plaintiff's mail. 30. The Plaintiff is very worried that if he sends anything out via legal mail, Officer Helton and Captain Edwards will violate his rights, so the Plaintiff has chosed to represent himself. 31. Major Scott Jenson, Captain Edwards, and Officer Helton have now placed a blanket ban on all civil lawsuit books, civil newspapers, and civil magazines from being allowed in the facility. 32. Major Scott Jenson, Captain Edwards, and Officer Helton have verbally told the Plaintiff and other inmates that the Plaintiff messed it up for everyone with the books, magazines, and newspapers because the Plaintiff choosed to file a lawsuit against them. 33. The Plaintiff has tried to talk with Officer Helton multiple times about resolving this issue without judicial review from the courts and the Plaintiff was told, "We'll see you in court."

## VI. RELIEF REQUESTED

1. Issue declaratory Judgment stating: Officer Helton returning the Plaintiff's Legal Mail is in Violation of the Plaintiff's First Amendment right.

2. Issue declaratory Judgment stating: Officer Helton returning the Plaintiff's Legal Mail is in Violation of the Plaintiff's Sixth Amendment right.

3. Issue declaratory Judgment stating: Officer Helton opening up the Plaintiff's legal mail outside his Presence is in Violation of the United States Const.

4. Issue declaratory Judgment stating: Major Scott Jenson, Captain Edwards, & Officer Helton retaliating against the Plaintiff for exercising his rights is in Violation of the First Amendment to the U.S.C.

5. Award Compensatory, nominal, & Punitive damages against defendant Helton for returning the Plaintiff's Legal Mail in Violation of his First & Sixth Amendment to the United States Constitution.

6. Award Compensatory, nominal, & Punitive damages against defendants Jenson, Edwards, & Helton for retaliating & Placing a blanket ban on all books, magazines, & newspapers from Publishers in Violation of Plaintiff's First Amendment right.

7. Award Compensatory, nominal, & Punitive damages against defendant Helton for opening up the Plaintiff's legal mail outside his Presence which is in Violation of the United States Constitution.

8. Issue a injunction ordering defendant Helton to allow Plaintiff to make legal copies for his civil Pleadings at cost.

9. Issue a injunction ordering all defendants to allow Publishers, and Plaintiff, to send, and receive, books, magazines, & newspapers to the facility so the the Plaintiff can exercise his rights. The Court should also order this right to be in the Jail's Policy.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

VII. **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_Lake County Detention Center_

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

Opening legal mail. Access to Court Claims and Freedom of Speech Claims. (ALL CLAIMS).

Page 6 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility? N/A

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

   Lake County Detention Center on Kiosk

2. What did you claim in your grievance?

   1) That the defendants weren't allowing me to correspond with legal services.
   2) That the defendants were denying me access to the Court.

3. What was the result, if any?

   Nothing.

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   Yes I appealed and nothing happened.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

    F.    If you did not file a grievance:

        1.  If there are any reasons why you did not file a grievance, state them here:

_N/A_

        2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

_N/A_

    G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_Administrative remedies have been fully exhausted using the jail's kiosk._

(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes
☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_N/A_

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes
☑ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s)   N/A
   Defendant(s)   N/A

2. Court *(if federal court, name the district; if state court, name the county and State)*
   N/A

3. Docket or index number
   N/A

4. Name of Judge assigned to your case
   N/A

5. Approximate date of filing lawsuit
   N/A

6. Is the case still pending? N/A
   ☐ Yes
   ☐ No
   If no, give the approximate date of disposition.   N/A

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   N/A

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☑ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) Taug Walker
   Defendant(s) Warden F. Mock, officer Douglas, Sergeant baxiyey, Lt. North, & officer Roger.

2. Court *(if federal court, name the district; if state court, name the county and State)*

   Jacksonville Division federal Courthouse

3. Docket or index number
   3:15-cv-210-J-32-JRK

4. Name of Judge assigned to your case
   Timothy Corrigan

5. Approximate date of filing lawsuit
   February of 2015

6. Is the case still pending?
   ☐ Yes
   ☑ No

   If no, give the approximate date of disposition    2018

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   Settlement was reached.

# PREVIOUS LAWSUITS

E.

Parties:

Plaintiff: Taug Walker
Defendants: Williamson, Comerford, et al.
Court: Panama or Pensacola Division Federal Courthouse
Docket number: 3:15-CV-179/LAC/EMT
Judge: Elizabeth
Approximate filing date: March of 2015
disposition: October of 2017; Case dismissed

F.

Parties:

Plaintiff: Taug Walker
Defendants: Akridge
Court: Gainesville Division Federal Courthouse
Docket number: 1:15-CV-000-28-WTH-GRJ
Judge: unknown
Approximate filing date: January 2015
disposition: July 3 2018; Case dismissed

G.

Parties:

Plaintiff: Taug Walker
Defendants: unknown
Court: Suwannee County (state court)
Docket: unknown
Judge: unknown
Approximate filing date:
disposition: Didn't Prosecute (Property claim)

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10-20-23

Signature of Plaintiff: Taug Walker
Printed Name of Plaintiff: Taug Walker
Prison Identification #: 113717
Prison Address: 551 W. Main St
Tavares, FL 32778

### B. For Attorneys

Date of signing: N/A

Signature of Attorney: N/A
Printed Name of Attorney: N/A
Bar Number: N/A
Name of Law Firm: N/A
Address: N/A
N/A, N/A, N/A
Telephone Number: N/A
E-mail Address: N/A

Page 11 of 11