UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Case No.: 5:23-CV-00458-CEM- PRL

TAUG WALKER,

      Plaintiff,

vs.

MASTER DEPUTY JASON HELTON,
MAJOR SCOTT JENSON, and
CAPTAIN RUSSELL EDWARDS,

      Defendants.
_____/

## HELTON, JENSON, AND EDWARDS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

      Defendants, Master Deputy Jason Helton, Major Scott Jenson, and Captain Russell Edwards, in their individual capacities, by and through the undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), requests this Honorable Court dismiss the Plaintiff's second amended complaint (Doc. 26) and as grounds states as follows:

1

## Grounds for Motion

1. The Plaintiff has improperly requested injunctive relief.

2. Plaintiff's other allegations fail to state a claim for relief.

## Memorandum of Law

### I.   Standard of Review

In evaluating the sufficiency of a complaint, the court must accept well pleaded facts as true and resolve them in the light most favorable to the plaintiff. *Beck v. Deloitte & Touche,* 144 F.3d 732, 735 (11th Cir. 1998). However, if the plaintiff can prove no set of facts that would entitle him to relief, then the defendant is entitled to a dismissal for failure to state a claim. Although the plaintiff is not held to a very high standard on a Rule 12(b)(6) motion, the plaintiff is still required to "allege some specific factual bases for those conclusions or face dismissal" of the claim. *Jackson v. Bellsouth*, 372 F.3d 1250, 1263 (11th Cir. 2004).  Moreover, in reviewing a motion to dismiss, the court need only accept *well pleaded facts* and reasonable inferences drawn from those facts.  Unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a rule 12(b)(6) dismissal. *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003).

### II.   Plaintiff Fails to Plead the Proper Standard for Granting an Injunction

Plaintiff also requests an injunction. (Doc. 26, Pg. 9, ¶8-9).  The Plaintiff has not moved for a preliminary injunction, much less a permanent injunction.  In

order to obtain a preliminary injunction, a plaintiff must establish:  "1) a substantial likelihood that the movant will ultimately prevail on the merits; 2) that the movant will suffer irreparable injury unless the injunction issues; 3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause to the opposing party; and 4) that the injunction, if issued, would not be adverse to the public interest." *Warren Publ'g, Inc. v. Microdos Data Corp.*, 115 F. 3d 1509, 1516 (11th Cir. 1997).  "A preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion." *Canal Auth. of Fla. v. Callaway*, 489 F. 2d 567, 573 (5th Cir. 1974).  The standard for a permanent injunction is essentially the same as for a preliminary injunction, with the exception that a plaintiff must show actual success on the merits to obtain a permanent injunction as opposed to a likelihood of success.  *K H Outdoor, LLC v. Trussville*, 458 F. 3d 1261, 1268 (11th Cir. 2006).  The Plaintiff must:  1) succeed on the merits of the claims asserted in the complaint; 2) establish that irreparable harm will result if the Court does not order the injunctive relief; 3) establish that the balance of equities tip in their favor; and 4) demonstrate that an injunction is in the public interest.  *Id.*  Because the Plaintiff has failed to meet the standard for granting a permanent injunction, the Court should deny the Plaintiff's request for a permanent injunction as contained in the Plaintiff's Second Amended Complaint.

Additionally, the Court should reject the Plaintiff's claim for an injunction because the Plaintiff has failed to state a claim for relief.

## III.    Plaintiff Fails To State A Claim For Relief

Plaintiff has made a claim that he was unable to access the law library or receive legal assistance vis-à-vis receiving copies of paperwork in violation of the United States Constitution. (Doc. 26, Pg. 6, ¶1, 2, 3, 4, 5, 6).  However, the Plaintiff has failed to state a claim for relief, as he does not have a "free standing right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "An inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint." *Id*. at 352.

Here, the Plaintiff's ability to file his complaint reveals his assertions are without merit. Moreover, he has been able to receive legal mail related to this suit, and even file a motion to proceed *in forma paupperis*. (Doc. 5, 7). Most evident is the Plaintiff's admission he has only been incarcerated for six months (Doc. 5, Pg. 1,

¶3) but has been able to confer with the Court and submit his inmate trust fund statements for over three months.[1] The Plaintiff's motion also notes that he has been able to secure the assistance of jail officials with the filing of his motion. (Doc. 5, Pg. 1, ¶2). Additionally, the Plaintiff has shown that he can respond to motions with legal citations included (Doc. 23), file new motions (Doc. 24), and amend his complaint. (Doc. 26).

## IV.    Legal Mail Allegations Fail To State A Claim

The Plaintiff's complaint is no model of clarity, and attempts to bring a lack of access to his mail under several different theories. It is well-established that inmates have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821, (1977). But to state a claim for denial of access to the courts, a plaintiff must allege an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996); *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006). "Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by . . . an official's action." *Barbour*, 471 F.3d at 1225 (citations omitted).[2] Therefore, "the plaintiff must identify within his complaint, a 'nonfrivolous, arguable underlying claim.'" *Id*. at 1226 (quoting *Christopher v.*

---

[1] Similarly, the Plaintiff's complaint (Doc. 1) and Motion (Doc. 5) were signed by the Plaintiff and then filed within approximately a week, indicating no delay.

[2] Actual injury is also defined as a tangible disadvantage, such as a missed filing deadline or a foregone claim. *See Robles v. Kane*, 550 Fed. Appx. 784, 787 (11th Cir. 2013).

*Harbury*, 536 U.S. 403, 415 (2002)). Additionally, the plaintiff must show that the underlying nonfrivolous claim was raised, or would have been raised, in connection with a direct appeal, a collateral attack on his conviction, or a civil rights action. *Lewis*, 518 U.S. at 354-57.  A plaintiff must show, for instance, "a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." *Wilson v. Blankenship*, 163 F.3d 1284, 1290-91 (11th Cir. 2021).

The Plaintiff has done nothing of the sort here. He has simply made conclusory allegations that his legal mail was not provided to him.[3] Further, the Plaintiff alleges that Defendant Helton informed him that all inmates, not just the Plaintiff, were not to get legal mail from "private companies." (Doc. 26, Pg. 7). However, the Eleventh Circuit's standard requires "properly marked legal mail" which suggests more than the vague notion of a "private company." *See e.g., Al-Amin v. Smith*, 511 F.3d 1317, 1325 (11th Cir. 2008). The Plaintiff does not explain how any alleged interference with his mail would have changed legal claims had

---

[3] The United States Supreme Court has acknowledged "that the judiciary is 'ill equipped' to deal with the difficult and delicate problems of prison management." *Thornburgh v. Abbott*, 490 U.S. 401, 407-08, (1989) (quoting *Procunier v. Martinez*, 416 U.S. 396, 405, (1974)). As a result, the "Court has afforded considerable deference to the determinations of prison administrators who, in the interest of security, regulate the relations between prisoners and the outside world." *Id.* at 408 (citing *Procunier*, 416 U.S. at 404-05).

he otherwise received them.  The Plaintiff has pled nothing more and for these reasons his complaint should be dismissed.

### Rule 3.01(g) Certification

Counsel for Defendants, David Jadon, certifies that he spoke with the pro se Plaintiff, Taug Walker, via telephone on November 8, 2023, who stated he was opposed to this motion.  Plaintiff also indicated that he intends to file motions requesting depositions.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of November, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. I also certify that a true and correct copy of this pleading has been mailed by regular mail to Taug Walker, DOC # 113417, Lake County Detention Center, 551 West Main Street, Tavares, Florida  32778.

/s/ David R. Jadon
David R. Jadon, Esquire
Fla. Bar No. 1010249
Bruce R. Bogan, Esquire
Fla. Bar No. 599565
Hilyard, Bogan & Palmer, P.A.
Post Office Box 4973
Orlando, FL 32802-4973
Telephone: 407-425-4251
Facsimile:  407-841-8431
Email: bbogan@hilyardlawfirm.com
         djadon@hilyardlawfirm.com
Attorneys for Defendants Helton, Jenson, and Edwards